UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD BUTLER,

     Plaintiff,

v.                                                          Case No: 5:26-mc-6-JEP-PRL

LLOYD A. KINSLER,

     Defendant.

_____

### ORDER

This cause comes before the Court on Plaintiff's Motion for Subpoena. (Doc. 1). Plaintiff Ronald Butler, proceeding *pro se*, requests that the Court issue a subpoena to Defendant Lloyd Kinsler for the production of documents and information in connection with a default judgment entered in favor of the Plaintiff and against the Defendant in an independent state court proceeding. (*Id*. at pp. 2-4). Upon due consideration, Plaintiff's motion is due to be denied.

### I.    BACKGROUND

On May 18, 2026, Plaintiff commenced this action by filing the instant Motion for Subpoena. (Doc. 1). Therein, Plaintiff asks this Court to issue a subpoena ordering Defendant to produce documents and information, which appears to be predicated on an independent Florida state court proceeding, where default judgment was entered in favor of the Plaintiff and against the Defendant ("State Court Default Judgment Order") in the County Court of the Fifth Judicial Circuit, in and for Marion County, Florida ("Marion County Fifth Judicial Circuit"), on March 11, 2026. (*See id*. at pp. 2-4); *Butler v. Kinsler*, Case No. 2025-9056-SC, at

doc. 30 (Fla. 5th Jud. Cir. Mar. 11, 2026).[1] Specifically, Plaintiff seeks "[r]ecords of financial payments," information on an "[i]nsurance carrier," "collateral" that was used and financed, "[l]oan payments," "frequency of payments," and the "present location of asset(s)." (*See* Doc. 1 at p. 4). Other than filing the Motion for Subpoena, Plaintiff has not made any other filings in this Court—for example, he has filed no complaint or other civil action with this Court.

## II.    LEGAL STANDARDS

Subject-matter jurisdiction is a threshold issue in any case pending in the United States District Court. Federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *See Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted); *see Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of So. Ala.*, 168 F.3d at 410; *Fitzgerald*, 760 F.2d at 1251. If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

---

[1] *See* cases in the Marion County Fifth Judicial Circuit, available at https://www.civitekflorida.com/ocrs/app/search.xhtml.

action." *See* Fed. R. Civ. P. 12(h)(3); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citing *Univ. of So. Ala.,* 168 F.3d at 409-10). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

## III.    DISCUSSION

The Court is without subject matter jurisdiction over Plaintiff's request for the issuance of a subpoena. Plaintiff does not allege any basis in his motion for the Court to exercise jurisdiction in this case. Plaintiff contends that he requires the issuance of a subpoena to obtain certain financial records, documents, and information, and attaches the State Court Default Judgment Order to his motion. (*See* Doc. 1). However, Plaintiff does not indicate that any action is currently pending between him and the Defendant, much less an action in this Court or any other federal court. Furthermore, other than moving for a subpoena, Plaintiff has not brought any claims in this Court seeking relief of any kind. *See Houston Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1213 (D.C. Cir. 1996) ("The federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others. Rather, the discovery devices in federal court stand available to facilitate the resolution of actions recognizable in federal court.").

Accordingly, because the Court does not have jurisdiction to issue the subpoena, Plaintiff's Motion for Subpoena is denied. *See U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its

jurisdiction. . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action, . . . then the process is void[.]"); *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950) ("The judicial subpoena power . . . is subject to those limitations inherent in the body that issues them[.]"); *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) (explaining that ancillary court's power to issue subpoenas is dependent on jurisdiction of court where the underlying action is pending); *Houston Bus. J., Inc.*, 86 F.3d at 1213 ("[T]he district court is . . . without power to issue a subpoena when the underlying action is not even asserted to be within federal-court jurisdiction."); *see also Sullivan v. Dickson*, 283 F.2d 725, 727 (9th Cir. 1960) (finding that a motion to inspect documents under Federal Rule of Civil Procedure 34 or 45(b) cannot be granted in the absence of a pending proceeding); *In re Rum Mktg. Int'l, Ltd.*, No. 07-21466-MC, 2007 WL 2702206, at *2 (S.D. Fla. Sept. 14, 2007) ("Here, however, there is no pending case before another federal court that has subject matter jurisdiction over the parties and the litigation. Consequently, there is no jurisdiction purely under the provisions of Rules 26 or 45 for counsel for [one party] to issue a Rule 45 subpoena, nor any jurisdiction for counsel for [the other party] to move to quash that subpoena."); *Martinez v. United States Navy*, No. 3:14-mc-48/MCR/EMT, 2016 WL 2642154, at *1-2 (N.D. Fla. Apr. 5, 2016), *report and recommendation adopted*, 2016 WL 2643010 (N.D. Fla. May 9, 2016) (recognizing that court is without jurisdiction to address motion related to subpoena of documents or information that was not issued in a pending action); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2457, at 420 (3d ed. 2008) (stating that "[a] subpoena under Rule 45 may issue only in aid of a pending action" with very few limited exceptions not relevant here).

- 5 -

**IV.    CONCLUSION**

Accordingly, upon due consideration, Plaintiff's Motion for Subpoena (Doc. 1) is

**DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on July 16, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties